IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS D. ARTHUR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 07-0722-WS-M |
| | ) |
| RICHARD ALLEN, etc., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion for expedited scheduling. (Doc. 7). The defendants have filed a response and the plaintiff a reply, (Docs. 9, 12), and the motion is ripe for resolution.

On May 14, 2007, the plaintiff filed a predecessor lawsuit challenging Alabama's lethal injection protocol. On August 10, 2007, the Court granted the defendants' motion to dismiss based on the specialized "'equitable principles at issue when inmates facing imminent execution delay in raising their § 1983 method-of-execution challenges.'" *Arthur v. Allen*, 2007 WL 2320069 at *5 (S.D. Ala. 2007) ("*Arthur I*") (quoting *Grayson v. Allen*, 491 F.3d 1318, 1322 (11th Cir. 2007)). On September 17, 2007, the Eleventh Circuit affirmed, leaving intact the plaintiff's September 27, 2007 execution date. *Arthur v. Allen*, 2007 WL 2709942 (11th Cir. 2007) ("*Arthur II*"). On September 21, 2007, the plaintiff filed with the Supreme Court a petition for writ of certiorari and motion to stay. (Doc. 1 at 3, ¶ 9).

On September 25, 2007, the Supreme Court granted a petition for writ of certiorari in *Baze v. Rees*, 2007 WL 2075334 (2007). As clarified by its amended order issued October 3, 2007,[1] the Court granted the writ with respect to the following questions:

---

[1] *Baze v. Rees*, 2007 WL 2850507 (2007).

>   I.  Does the Eighth Amendment to the United States Constitution prohibit means for carrying out a method of execution that create an unnecessary risk of pain and suffering as opposed to only a substantial risk of the wanton infliction of pain?
>
>   II.  Do the means for carrying out an execution cause an unnecessary risk of pain and suffering in violation of the Eighth Amendment upon a showing that readily available alternatives that pose less risk of pain and suffering could be used?
>
>   III.  Does the continued use of sodium thiopental, pancuronium bromide, and potassium chloride, individually or together, violate the cruel and unusual punishment clause of the Eighth Amendment because lethal injections can be carried out by using other chemicals that pose less risk of pain and suffering?

Petition for Writ of Certiorari, 2007 WL 2781088 at *ii-iii.

On September 26, 2007, the State of Alabama, through Governor Riley, announced that changes would be made to its lethal injection protocol.  On September 27, 2007, Governor Riley issued the following letter to defendant Richard Allen, Commissioner, Alabama Department of Corrections:

>   By my authority under Amendment 38 to the Alabama Constitution, I hereby grant a reprieve of 45 days to Thomas D. Arthur, who is scheduled for execution on this date.  The sole purpose of this reprieve is to allow the Alabama Department of Corrections sufficient time to make modifications to its lethal injection protocol.  It is my desire that the Alabama Attorney General will make a motion for, and that the Alabama Supreme Court will promptly set, a new date of execution at the expiration of this 45-day period.

(Doc. 1, Exhibit A).  On September 28, 2007, the State apparently moved the Alabama Supreme Court to set an execution date of November 15, 2007.  (*Id*. at 6, ¶ 16).  It appears that no execution date has been set.  (Doc. 7 at 2).[2]

This lawsuit was filed at 6:51 p.m. on October 9, 2007.  Summonses were issued

---

[2]Because on order setting an execution date must establish a date at least 30 days from the date of the order, Ala. R. App. P. 8(d)(1), it would appear that it is now too late to set execution for November 15.

by the Clerk on October 10, 2007 and mailed to counsel in New York. (Doc. 2). The pending motion was filed the following Monday, October 15, 2007. According to that motion, a representative of the Department of Corrections accepted service of the complaint on October 15. The record does not disclose whether the defendants were served with summonses, but the plaintiff asserts that "the defendants have been validly served," (Doc. 7 at 3), and the defendants do not contest this assertion in their brief. The Court accordingly concludes that the time for responding to the complaint has begun to run.

The defendants intend to move the Court to dismiss the complaint on the grounds of res judicata, collateral estoppel, and statute of limitations. (Doc. 9 at 2). The plaintiff seeks an expedited schedule for the filing, briefing and determination of any such motion, arguing that the State's insistence on seeking a new execution date in November requires such a schedule. (Doc. 7 at 3-4; Doc. 12 at 2). The defendants offer two laconic responses: first, that lead counsel is busy with briefing schedules in two other capital cases; and second, that this case is necessarily subject to summary dismissal because the previous one was dismissed. (Doc. 9 at 1-2).

As to the first argument, the Court notes that, in *Arthur I*, the motion to dismiss was credited to four assistant attorneys general, so that the schedule of lead counsel is not dispositive. Moreover, the defendants concede that the briefing to which they refer will be completed no later than October 26. (Doc. 9 at 1-2). As to the second argument, even if the defendants' confidence is justified, the possibility of an execution date in November renders it important to reach a prompt decision on the motion to dismiss in order to allow an appeal from any resulting dismissal.

For the reasons set forth above, the motion for expedited scheduling is **granted in part**. The defendants are **ordered** to file and serve their motion to dismiss the complaint, with supporting brief, on or before **October 31, 2007**. The plaintiff is **ordered** to file and serve any response on or before **November 5, 2007**. The defendants are **ordered** to file

and serve any reply on or before **November 9, 2007**.  The Court will take the motion to dismiss under submission on **November 9, 2007**.  In all other respects, the motion for expedited scheduling is **denied**.

DONE and ORDERED this 18th day of October, 2007.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE